SCHWARTZ, GERSTENHABER & ALTMAN, INC., Appellant, *v.* WAYNE COUNTY PRODUCE COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, June 4, 1925.

Negligence — action to recover damages for injuries to plaintiff's motor truck — defendant turned horse-drawn truck in front of fire truck causing fire truck to collide with plaintiff's truck — defendant is joint tort feasor — contributory negligence arising out of violation of ordinance not shown — error to dismiss complaint at close of plaintiff's case.

In an action to recover damages for injuries to plaintiff's motor truck, it was error for the court to dismiss the complaint at the close of plaintiff's case, since it appears that a horse-drawn truck belonging to the defendant was turned across the roadway directly in front of an approaching fire truck; that in the emergency which then arose the driver of the fire truck turned sharply to the left in order to avoid a collision with the defendant's truck, and as a result collided with the plaintiff's truck which was backed up to the curb on the left-hand side of the street. Regardless of the negligence of the driver of the fire truck the defendant was, upon the plaintiff's testimony, a joint tort feasor whose inexcusable conduct was the direct cause of the accident.

Contributory negligence cannot be predicated on an alleged violation of subdivision 12 of section 11 of article 2 of chapter 24 of the Code of Ordinance of the City of New York, prohibiting the backing of vehicles to the curb, except when actually loading or unloading, since the evidence shows that the plaintiff's truck was being unloaded at the time of the accident.

APPEAL by plaintiff from a judgment in favor of defendant dismissing the complaint at the close of plaintiff's case after a trial before a judge and a jury.

*Joseph B. Schwartz* [*C. Arthur Jensen* of counsel], for the appellant.

*Fred H. Rees,* for the respondent.

PER CURIAM:

Interpreting the evidence in the light most favorable to plaintiff as we must in the present situation, it appears that a fire truck proceeding north at the rate of fifteen miles an hour on the easterly side of First avenue between Ninety-seventh and Ninety-eighth streets and about in the north-bound car tracks had its further progress blocked by a south-bound horse-drawn truck of the defendant, which without warning turned across the roadway when the fire

truck was only twenty-five feet distant. This sudden emergency caused the driver of the fire truck to swing sharply to the left to avoid an immediate and serious collision, and although he reduced his speed and applied his brakes his momentum carried him to the westerly side of the avenue where his truck collided with a truck owned by the plaintiff which was backed against the westerly curb. There was testimony that the fire truck gave ample warning of its approach by its gong. The complaint has been dismissed.

Regardless of the negligence or the lack of negligence of the driver of the fire truck, the defendant was clearly upon the plaintiff's testimony a joint tort feasor whose inexcusable conduct produced the emergency which resulted in the injuries. It is claimed by respondent, however, that plaintiff was guilty of contributory negligence in that the position of its truck was a violation of subdivision 12 of section 11 of article 2 of chapter 24 of the Code of Ordinances of the City of New York. This ordinance prohibits the backing of vehicles to the curb except when actually loading or unloading. Apart from the question of fact whether the position of the truck was a contributory cause of the accident, plaintiff's witness started to say that the vehicle was engaged in loading but was interrupted and at the conclusion of the case when defendant made a motion to dismiss based upon this omission plaintiff's counsel said he believed that testimony had been given but that if he was in error as to this he offered to give it at that time. Under those circumstances the acquiescence of defendant's counsel in the situation is tantamount to a stipulation that such testimony was in the record.

A *prima facie* case of negligence having been made out, the dismissal of the complaint was error and the judgment is reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, BIJUR, MCGOLDRICK and LEVY, JJ.